IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ethan C. Mack, ) | C/A No. 0:16-205-MGL-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Larry Cartledge, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

    Petitioner Ethan C. Mack, a self-represented state prisoner, filed this habeas action pursuant to 28 U.S.C. § 2254. This matter is before the court on petitioner's motion for appointment of counsel. (ECF No. 18.)

    There is no right to appointed counsel in habeas cases. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995). Attorneys may be appointed for a person "seeking relief under section 2241, 2254, or 2255 of title 28" when "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Counsel may be appointed when counsel is necessary for effective discovery and must be appointed when evidentiary hearings are required. See Rules Governing § 2254 Cases, Rules 6(a) & 8(c), 28 U.S.C. foll. § 2254. At this time, no evidentiary hearing has been set in this case and the questions presented are not so complex as to require an attorney to effectively argue them for the Petitioner. Accordingly, the Petitioner's request for counsel to be appointed under the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), is denied.

    Additionally, to the extent Petitioner's motion also includes a generic request for discovery, the court notes that "[a] habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997).

However, "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of [her] discretion and for good cause shown grants leave to do so, but not otherwise." Rules Governing § 2254 Cases, Rule 6(a), 28 U.S.C. foll. § 2254. "Such 'good cause' will exist when 'specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.' " Wolfe v. Johnson, 565 F.3d 140, 165 n.36 (4th Cir. 2009) (quoting Bracy, 520 U.S. at 908-09) (omissions in original). Petitioner has failed to show "good cause" for discovery under Rule 6(a). Accordingly, to the extent Petitioner's motion requests discovery, it is denied.

    **IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

June 27, 2016
Columbia, South Carolina